UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Patrick Walsh

    v.                               Civil No. 05-cv-188-JD

Concord Police Department, et al.


O R D E R

Patrick Walsh, proceeding pro se and in forma pauperis, brought suit against the Chief of the Concord Police Department, John Doe police officers, and others, asserting that his constitutional rights were violated when he was arrested and incarcerated after an altercation with his girlfriend. Following preliminary review, only Walsh's false arrest claim against the John Doe officers was allowed to proceed, and the other claims were dismissed. Brian Fee, the only remaining defendant, moves to dismiss, and Walsh moves for "Judgment on the Facts."


Background

On December 6, 2005, the magistrate judge ordered Walsh to file an amended complaint identifying the defendant John Doe officers and to complete and submit to the Clerk's Office summons forms with those officers' names. The summons forms were to be submitted to the Clerk's Office at a time that would allow service within 120 days of that order. On April 11, 2006, the

magistrate judge recommended that the case be dismissed without prejudice due to Walsh's failure to comply with the December 6 order.  On April 21, 2006, Walsh moved for an extension of time, and the magistrate judge granted the motion, making May 22, 2006, the deadline for Walsh to file an amended complaint and to submit completed summonses to the Clerk's Office for service by the United States Marshal.

   Walsh filed an amended complaint on May 22, 2006, in which he named Brian Fee as the defendant police officer.  He also completed summonses for the chief and Fee, which are dated May 23, 2006, providing the Concord Police Department as the address for both defendants.  The summonses were issued by mail on the same date.  On June 2, 2006, the attempted service by mail was returned to the Clerk's Office.  The United States Marshal then attempted to serve Brian Fee at the Concord Police Department on June 16, 2006, but service was not made because Fee no longer worked there.  The chief of the Concord Police Department was served on June 16, 2006.  The chief and the police department moved to dismiss all claims against them, which motion was granted on July 25, 2006.

## Discussion

Walsh filed a motion for a "judgment on the facts" in his favor. Defendant Brian Fee moves to dismiss on the ground that he has not been served with the complaint. Fee objects to Walsh's motion, and Walsh objects to Fee's motion.

### I.  Walsh's Motion

Walsh's motion is premature because Fee, the only remaining defendant in this case, has not yet been served. See Fed. R. Civ. P. 12(c). Therefore, Walsh's motion is denied.

### II.  Fee's Motion

Fee moves to dismiss the claim against him on the ground that Walsh has failed to complete service within the time allowed. See Fed. R. Civ. P. 4(m). Walsh responds that he understood that he had complied with all of the requirements for service when he filed his amended complaint and completed summonses on May 22, 2006. He also quotes the magistrate judge's order that directed the Clerk's office to issue the summons forms and to forward completed forms to the United States Marshal's office for service.

As is provided in the magistrate's order, the Clerk's Office and the United States Marshal are required to issue and serve

3

process for a plaintiff who is proceeding pro se and in forma pauperis following preliminary review.  See Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).  The court may allow an extension of time to complete service and must do so if good cause is shown for the delay.  Fed. R. Civ. P. 4(m).  If an incarcerated plaintiff, proceeding pro se and in forma pauperis, provides sufficient information to identify the defendant and complete service, "the marshal's failure to effect service is automatically good cause within the meaning of Fed. R. Civ. P. 4(m)."  Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997) (internal quotation marks omitted); see also Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990); Rochon v. Sawson, 828 F.2d 1107, 1110 (5th Cir. 1987); Romandette v. Weetabix Co., Inc., 807 F.2d 309, 310-11 (2d Cir. 1986); Perez v. Hawk, 302 F. Supp. 2d 9, 17 (E.D.N.Y. 2004).

In this case, the Marshal's office attempted to effect service on Brian Fee at the address Walsh provided, the Concord Police Department, but were unable to do so because Fee no longer worked there.  The court is unable to provide the assistance required under § 1915(d) when the plaintiff fails to provide a valid address for the defendant.  Stevens v. Villacorta, 2006 SL 822100, at *7 (M.D. Fla. Mar. 6, 2006).  Further, Walsh's habit of waiting until the last minute or after to comply with the

service deadlines has contributed to the delay and the difficulty in completing service in this case.  See McIssac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002).  Nevertheless, nothing in the record suggests that Walsh was aware that Fee no longer worked for the Concord Police Department or that the Marshal's effort was unsuccessful.  Cf. Rochon, 828 F.2d at 110 (pro se and in forma pauperis plaintiff must attempt to remedy any service defects that he knows about).

Therefore, the court will grant Walsh one last extension of time to complete service on Brian Fee.  If Walsh fails to comply with the time deadline provided in this order or if service cannot be completed because the address he provides is not valid, the complaint will be dismissed without prejudice.

The clerk will immediately provide Walsh with a new summons form.  Walsh shall complete the summons form, identifying Brian Fee as the defendant and providing a correct address for him, and return the summons form to the Office of the Clerk of Court **on or before September 22, 2006.  Failure to comply with that deadline will result in dismissal of this suit, without prejudice**.  The Clerk's office will forward the completed summons form to the United States Marshal's Office, along with a copy of the complaint, the amended complaint, the Report and Recommendation and order issued on December 6, 2006, and a copy of this order.

Upon receipt of the necessary documentation, the United States Marshal's office shall attempt to effect service on Brian Fee at the new address.

## Conclusion

For the foregoing reasons, the plaintiff's motion for judgment on the facts (document no. 27) is denied.  The defendant's motion to dismiss (document no. 26) is also denied.  The plaintiff is ordered to complete service as provided in this order, failing which the suit will be dismissed without prejudice.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 23, 2006

cc: Michael A. Ricker, Esquire
    Patrick Walsh, pro se