UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Patrick Walsh

    v.                                    Civil No. 05-cv-188-JD

Concord Police Department, et al.


O R D E R

    Patrick Walsh, proceeding pro se and in forma pauperis, brought suit against the Concord Police Department and identified and unidentified police officers.  His claims arose from his arrest and incarceration after an altercation with his girlfriend.  Following preliminary review, Walsh proceeded with his false arrest claim against the officers, and the other claims were dismissed.  Officer Brian Fee, who is the only remaining defendant, moved to dismiss on the ground that he had not been served with the complaint.

    Because of the problems encountered in effecting service on Fee, the court gave Walsh one last opportunity to complete the summons form with a correct address and return the form to the clerk of court for service.  See Order, Aug. 23, 2006 (document no. 33).  The deadline for returning the completed summons form was September 22, 2006.  Instead of complying with the court's order, Walsh filed a motion for joinder on September 22, seeking to join other unidentified police officers and to add a claim

about another allegedly false arrest.  That motion was denied on October 20, 2006.

Brian Fee moves, again, to dismiss the claim against him due to Walsh's failure to make service.  Walsh did not file a response to the motion.  As is described in detail in the court's previous order, Walsh has been given multiple extensions of time and opportunities to complete service in this case, which he has failed to do.  Therefore, the claim against Fee is dismissed, without prejudice, due to Walsh's failure to complete service of process.  See Fed. R. Civ. P. 4(m); see also Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002); Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998).

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 36) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

October 25, 2006

cc:  Michael A. Ricker, Esquire
     Patrick Walsh, pro se